IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN JEROME JONES,<br>    # 1169005,<br>        Plaintiff,<br>vs.<br><br>DIRECTOR, TDCJ-CID, et al.,<br>        Defendants. | )<br>)<br>)<br>)  No. 3:20-CV-3757-D-BH<br>)<br>)<br>)  Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Before the Court is the plaintiff's *Application to Proceed In Forma Pauperis*, received on April 27, 2021 (doc. 5). Based on the relevant filings and applicable law, the application should be **DENIED**, and this case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

### I.  BACKGROUND

Kevin Jerome Jones (Plaintiff), a prisoner incarcerated in the Texas Department of Criminal Justice, Wynn Unit in Huntsville, Walker County, Texas, sues the warden and other prison officials in that unit under 42 U.S.C. § 1983. (*See* doc. 4.) He claims that he was falsely written up and threatened after he submitted grievances against officials in his unit. (*Id.* at 4.) He seeks $1,000,000 in damages, and to have all defendants fired and sent to jail. (*Id.*) He also seeks leave to proceed *in forma pauperis*. (*See* doc. 5.) No process has been issued in this case.

### II.  PRELIMINARY SCREENING/THREE STRIKES

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. Because he is a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is also subject to

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening.

preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Section 1915(g) of the PLRA, known as the "three-strikes" provision, provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff is a frequent litigant who has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Jones v. Rodriguez et al,* No. 3:21-CV-00616-C-BN, 2021 WL 1617818, at *1 (N.D. Tex. Mar. 25, 2021) (citing cases), *rec. accepted*, No. 3:21-CV-00616-C-BN (N.D. Tex. Apr. 26, 2021), doc. 6. Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. He has made no allegations suggesting that he is in imminent danger of serious physical injury, so he must prepay the filing fee before he may

proceed with his case.

### III. RECOMMENDATION

The plaintiff's *Application to Proceed In Forma Pauperis*, received on April 27, 2021 (doc. 5), should be **DENIED**, and this case should be summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(g), unless he pays the full $402 filing fee[1] prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

**SIGNED this 29th day of April, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] As of December 1, 2020, a $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*