IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN JEROME JONES, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:20-CV-3757-D |
| § | |
| DIRECTOR, TDCJ-CID, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Construing plaintiff Kevin Jerome Jones's ("Jones's") June 8, 2021 prisoner's civil rights complaint (the "June 8 complaint") as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, the court denies the motion. To the extent the June 8 complaint adds parties and claims and should be deemed a new civil action, the court dismisses the new action as barred by 28 U.S.C. § 1915(g), and directs the clerk of court to proceed according to this memorandum opinion and order.

I

Jones is currently an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division. He filed a prisoner's civil rights complaint on April 27, 2021 against the warden and other prison officials, and sought to proceed *in forma pauperis* in this case. Jones alleged that the defendants falsely wrote him up and threatened him after he submitted grievances against officials in his unit. On May 27, 2021 the court adopted the April 29, 2021 findings, conclusions, and recommendation ("FCR") of the United States Magistrate Judge, denied Jones's application to proceed *in forma pauperis*, and entered final judgment dismissing his action without prejudice as barred by 28 U.S.C. § 1915(g). On June 8, 2021 the clerk of court docketed the June 8 complaint, which is dated June 2, 2021. The June 8 complaint names several of the same

defendants as his dismissed complaint, describes many of the same acts or omissions of the defendants that he asserts harmed him, and adds parties and factual allegations.

II

Because the June 8 complaint appears to have been filed in response to the dismissal of his May 27 complaint and was filed within 28 days of the entry of judgment, it is properly construed as a Rule 59(e) motion to alter or amend the judgment. *See, e.g., Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021).

To prevail on a Rule 59(e) motion to alter or amend a judgment, the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although a district court has considerable discretion in deciding whether to reopen a case under Rule 59(e), "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* Rule 59(e) generally "favor[s] the denial of motions to alter or amend a judgment[.]" *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (footnote omitted).

Here, Jones has failed to satisfy the standard for obtaining Rule 59(e) relief. He has neither shown a manifest error of fact or law or a change in controlling law, nor presented newly discovered evidence. He instead revisits some of the allegations raised against the original parties, adds parties,

and asserts factual allegations and claims not previously raised and for which he provides no evidence. The June 8 complaint, evaluated as a Rule 59(e) motion, is denied.

III

To the extent the June 8 complaint adds defendants and raises new claims based on new acts or omissions, it should be deemed a new civil action. Because Jones has had at least three prior civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted under § 1915(g) of the Prison Litigation Reform Act, he cannot proceed on his complaint without prepayment of the filing fee unless he shows that he is subject to imminent danger of serious physical injury. He has not made this showing. Accordingly, the June 8 complaint is summarily dismissed without prejudice under 28 U.S.C. § 1915(g) because Jones has not paid the full filing fee.

IV

The clerk of court is directed to: (1) open a new civil rights case pursuant to 42 U.S.C. § 1983 (nature of suit 550); (2) directly assign the new case to the same District Judge and Magistrate Judge as in this civil case; (3) docket a copy of the June 8 complaint and this order in the new case; and (4) close the new case on the basis of this order.

**SO ORDERED**.

August 19, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE